IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMANUEL PIÑERO-SANTIAGO | |
| Plaintiff | |
| vs | CIVIL 05-1240CCC |
| MIGUEL PEREIRA; CARLOS GONZALEZ-ROSARIO, his wife, and the conjugal partnership formed between them; LT. WILLIAM CLASS-QUIROS, his wife, and the conjugal partnership formed between them; CORRECTIONAL OFFICERS AT PONCE MAXIMUM FACILITY JOHN DOE 1 and 2, their wives, and their respective conjugal partnerships; DR. ORTIZ-MENA, his wife, and the conjugal partnership formed between them; DR. RICHARD ROE 1, the Medical Director of the Ponce Complex; his wife and the conjugal partnership formed between them; DRS. RICHARD ROE 2, 3, AND 4, their wives, and their respective conjugal partnerships | |
| Defendants | |

## O R D E R

This case is a civil rights action brought under 42 USC §1983, in which plaintiff Emanuel Piñero-Santiago alleges the violation of his constitutional rights while confined under the custody of the Administration of Corrections (AOC) of the Commonwealth of Puerto Rico. Defendants are various individuals who were either high-ranking officers of the AOC, supervisors or correctional officers during the events described in the complaint, as well as doctors from the Correctional Health Program. Plaintiff avers that on March 6, 2004, while an inmate at the Ponce Maximum facility in Ponce, Puerto Rico, he fell down the stairs and was injured as a direct result of an unconstitutional policy, which required that "all inmates must be handcuffed behind their backs during any movement of the inmate." (Complaint paragraph 13.) The plaintiff also alleges that he was denied medical treatment.

CIVIL 05-1240CCC                                2

Before the Court now are defendants' Motion to Dismiss Pursuant to Rule 12 (b) (6) of Civil Procedure filed on October 3, 2005 (**docket entry 10**), plaintiff's opposition (**docket entry 12**), defendants' reply (**docket entry 14**), and the plaintiff's Motion to Strike Reply, or in the alternative, for Leave to File Sur-Reply (**docket entry 16**).  This last motion (**docket entry 16**) is **DENIED**.

The motion to dismiss requests that, in light of the Prison Litigations Reform Act of 1995 (PLRA), 42, U.S.C. §1997, which contains a comprehensive administrative exhaustion requirement, we dismiss the action.  See Ventura Vélez v. Administración de Corrección, 2001 WL 1636815 (D. Puerto Rico).  Defendant avers that such requirement has not been fulfilled, because the resolution of the administrative complaint filed by the plaintiff is still pending.[1] Plaintiff's opposition to the motion points out that, since the AOC failed to issue any substantive response to his complaint and did not comply with the time limits for issuing such a response required under its own regulation, he must be deemed to have exhausted all "available remedies" offered by the AOC.  In their reply, defendants bring up a new argument for the exhaustion requirement originally presented and they also submit two items of documentary evidence.[2]  They argue that the allegations in the administrative complaint differ from the allegations in the complaint, which means that the plaintiff has failed to exhaust his administrative remedies.  In the Motion to Strike Reply, plaintiff argues that the inclusion of documentary evidence in the motion to dismiss effectively converted that motion into a motion for summary judgment.  Plaintiff then concludes that, by converting such motion into a summary judgment, defendants need to comply with Local Rule 56(b) by supporting the motion with a statement of uncontested facts.

---

[1] In the case at hand, plaintiff filed an administrative complaint with the assigned number MA-294-04 (See Exhibit I, docket entry 14).

[2] The two items in the reply (docket entry 14) are:  Plaintiff's administrative complaint. (Exhibit 1); a certification by an AOC official that no additional administrative complaint by plaintiff is pending. (Exhibit 2)

CIVIL 05-1240CCC                              3

Regarding plaintiff's argument on the inclusion of documentary evidence in the motion to dismiss, we note that there are times when a court may take into account documents in evaluating whether a motion to dismiss should be granted.  One such situation occurs when there is some doubt about a court's subject matter jurisdiction.  See Coyne v. Cronin, 386 F. 3d 286, (C.A. 1, 2004).  In the present case, the exhaustion of administrative remedies as a requirement is considered within the scope of subject matter jurisdiction.  The documentary evidence submitted with the reply is necessary to determine whether plaintiff exhausted administrative remedies.

The certified translation of the Administrative Remedy Request form (docket entry 17, Exhibit 1) filed by the plaintiff indicates that:

> "I hereby request before this Administrative Remedies Program that pursuant to the sound exercise of your jurisdiction to help in the following:
>
> – On March 6, 2004, I suffered an accident, in which I suffered fractures to the right shoulder, for which it was necessary to be intervened surgically at the Medical Center of Río Piedras.
>
> – Since March 9, 2004, I have been requesting help to be allowed to file a complaint about what happened, without as of today's date anybody has helped me to do so.
> –
> Wherefore, I request I be helped to file a complaint before the Puerto Rico Police as soon as possible."

A review of the administrative complaint filed by plaintiff clearly shows that he was requesting assistance to file a claim before the Police of Puerto Rico and that there is no mention as to prison conditions or improper medical treatment.  Defendants are correct in stating that plaintiff's failure to include in his administrative complaint any mention of the claims raised in the complaint filed with this Court means that he has failed to exhaust his administrative remedies, as required by PLRA.  See Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983 (2002).

CIVIL 05-1240CCC                                   4

     Accordingly, the Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12 (b)(1) and (6) (**docket entry 10**) is GRANTED and this action is DISMISSED.

     SO ORDERED.

     At San Juan, Puerto Rico, on July 27, 2006.

                                S/CARMEN CONSUELO CEREZO
                                United States District Judge