IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMANUEL PIÑERO-SANTIAGO<br>Plaintiff<br>vs<br>MIGUEL PEREIRA; CARLOS GONZALEZ-ROSARIO, his wife, and the conjugal partnership formed between them;<br>LT. WILLIAM CLASS-QUIROS, his wife, and the conjugal partnership formed between them;<br>CORRECTIONAL OFFICERS AT PONCE MAXIMUM FACILITY JOHN DOE 1 and 2, their wives, and their respective conjugal partnerships;<br>DR. ORTIZ-MENA, his wife, and the conjugal partnership formed between them;<br>DR. RICHARD ROE 1, the Medical Director of the Ponce Complex; his wife and the conjugal partnership formed between them;<br>DRS. RICHARD ROE 2, 3, AND 4, their wives, and their respective conjugal partnerships<br>Defendants | CIVIL 05-1240CCC |

**O R D E R**

This prisoner civil rights action is before us on plaintiffs Motion for Reconsideration (**docket entry 21**) of our Order (see docket entry 19) dismissing his suit for failure to exhaust administrative remedies, as required by the Prisoner Litigation Reform Act 42 U.S.C.§1997. The suit arose from allegations of civil rights violations which allegedly resulted in a trip and fall down steps that caused plaintiff Miguel Piñero-Santiago injuries. Plaintiff identifies two cases, Abney v. McGinnis, 380 F.3d. 663 (2nd Cir. 2004) and Veloz v. New York, 339 F. Supp. 2d 505 (S.D.N.Y.2004), which support his contention that when an inmate's reasonable attempts to exhaust administrative remedies are impeded by a correctional officer, the remedy may be deemed unavailable, thereby excusing the inmate from technically exhausting his remedies.

Defendants opposed the motion (**docket entry 25**), accompanied by copies of Administrative Remedy Requests filed by plaintiff on November 14, 2001; January 23, 2004;

CIVIL 05-1240CCC                                         2

and February 4, 2004, all prior to the March 4, 2004 incident which engendered the action before us. The forms demonstrated that plaintiff was very familiar with the administrative grievance process, and what information he had to provide on the forms. His prior experience with the system belies his declaration that he reasonably believed that his only recourse was to file a complaint with the law enforcement personnel.

The fact is that, as acknowledged by plaintiff, he did file the administrative grievance on or about April 7, 2004, just over a month after his fall (Complaint ¶21). According to his declaration accompanying the motion for reconsideration, he was given the opportunity to meet with local police, thereby being granted the remedy he had requested in his administrative remedy request form. Any further remedy, or lack thereof, that he requested the law enforcement agency would be independent of the correctional institution's remedial system.

For the above-stated reasons, we do not find that plaintiff was impeded by prison officials or officers from pursuing his grievance through the prison's grievance system. Accordingly, the Motion for Reconsideration (**docket entry 21**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on January 25, 2007.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge